# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUAN MORALES,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1470-Orl-22GJK**

**ALDIE'S CERTIFIED AUTO BODY & MECHANICAL, INC., and FELIX ALDAHONDO,**

        **Defendants.**

_____

## ORDER

Plaintiff's Complaint asserts claims for unpaid overtime wages and retaliation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*( Count I), and for retaliation pursuant to Chapter 448, Florida Statutes (Count II).

*Sua sponte*[1], the Court will examine whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claim founded on Florida law.

Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *Palmer v. Hosp. Auth. of Randolph County*, 22 F. 3d 1559, 1562 n.3 (11th Cir. 1994); *James v. Sun Glass Hut of California, Inc.*, 799 F. Supp. 1083, 1084 (D. Colo. 1992). Section 1367 (c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. The district court may refuse to exercise

---

[1] *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1997 WL 312583 (9th Cir. June 12, 1997) (*en banc*; recognizing that although district court is not required to *sua sponte* consider whether to accept or decline supplemental jurisdiction, better practice is for it to do so) *supplemented by* 121 F.3d 714 (9th Cir. 1997).

supplemental jurisdiction if, *inter alia*, the state claim raises a "novel or complex issue of State law" or "substantially predominates over" the claim over which the court has original jurisdiction. 28 U.S.C. § 1367(c)(1) & (2). Additionally, a district court may decline to exercise jurisdiction over a state law claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . ., it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F. 3d at 1569.

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James*, 799 F. Supp. at 1085 (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim); *Gregory v. Southern New England Telephone Co.*, 896 F. Supp. 78, 84 (D. Conn. 1994) (declining to exercise supplemental (pendent party) jurisdiction over employee's state law claim against manager, where Title VII claim against manager had been dismissed and allegations against manager were wholly distinct from those against remaining defendant). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. 115, 117-118 (M.D. Fla. 1982) (holding that combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F. 2d 1370, 1380 (11th Cir. 1982)

(affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery), *cert. denied*, 464 U.S. 932 (1983). Finally, courts have pointed to differences in recoverable damages as a basis for refusing to exercise supplemental or pendent jurisdiction. *See James*, 799 F. Supp. At 1085 ("all the state law claims involve damages not available under ADEA"); *Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. At 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

Having reviewed the allegations contained in the Complaint (Doc. No. 1), this Court finds that the Plaintiff's state law claim (Count II) substantially predominates over his federal law claim (Count I). Moreover, the Court finds that combining the Plaintiff's federal law claim with his state law claim would only serve to create jury confusion and delay. After considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*, the Court determines that the exercise of supplemental jurisdiction over Plaintiff's state law claim would not be appropriate.

Based on the foregoing, it is **ORDERED** that:

1. Pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim alleging retaliation under Chapter 448, Florida Statutes. Count II of the Complaint is hereby DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 1367(d), the limitations period for the claims asserted is tolled for a period of 30 days after the date of this Order.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 20, 2008.

(affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery), *cert. denied*, 464 U.S. 932 (1983). Finally, courts have pointed to differences in recoverable damages as a basis for refusing to exercise supplemental or pendent jurisdiction. *See James*, 799 F. Supp. At 1085 ("all the state law claims involve damages not available under ADEA"); *Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. At 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

Having reviewed the allegations contained in the Complaint (Doc. No. 1), this Court finds that the Plaintiff's state law claim (Count II) substantially predominates over his federal law claim (Count I). Moreover, the Court finds that combining the Plaintiff's federal law claim with his state law claim would only serve to create jury confusion and delay. After considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*, the Court determines that the exercise of supplemental jurisdiction over Plaintiff's state law claim would not be appropriate.

Based on the foregoing, it is **ORDERED** that:

1. Pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim alleging retaliation under Chapter 448, Florida Statutes. Count II of the Complaint is hereby DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 1367(d), the limitations period for the claims asserted is tolled for a period of 30 days after the date of this Order.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 20, 2008.

Copies furnished to:

Counsel of Record

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge