# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JUAN MORALES,**

      **Plaintiff,**

-vs-                Case No. 6:07-cv-1470-Orl-22GJK

**ALDIE'S CERTIFIED AUTO BODY & MECHANICAL, INC., and FELIX ALDAHONDO,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Court's own motion.

On September 13, 2007, Juan Morales (the "Plaintiff") filed a complaint against Felix Aldahondo ("Aldahondo") and Aldie's Certified Auto Body & Mechanical, Inc. ("Aldie's") pursuant to the Fair Labor Standards Act (the "FLSA") and Section 448.102, Florida Statutes, for unpaid overtime wages and retaliation. Doc. No. 1. All parties were originally represented by counsel, but on July 3, 2008, October 17, 2008, and November 14, 2008, counsel for Aldahondo, Aldie's, and Plaintiff were respectively granted leave to withdraw as counsel. Doc. Nos. 25, 31, 34. On October 17, 2008, Aldie's was given ten days to retain substitute counsel and warned that failure to retain substitute counsel would result in its Answer and Affirmative Defenses being stricken and a default entered against it. Doc. No. 31; *see also* Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel. . . ."). Aldie's failed to retain substitute counsel and on November 17, 2008, the

Court entered an order striking Aldie's Answer and Affirmative Defenses and directing the Clerk to enter default. Doc. No. 35. On November 21, 2008, the Clerk entered default against Aldie's. Doc. No. 36.

On January 12, 2009, the case was referred to the undersigned for a settlement conference. On March 3, 2009, a Notice of Settlement Conference scheduled for April 8, 2009, was sent by certified mail to Plaintiff and Aldahondo. Doc. No. 39. The notice as to Plaintiff was returned undelivered. Doc. No. 40. On April 8, 2009, neither party appeared for the Settlement Conference.

Rule 11(a), Federal Rules of Civil Procedure, requires every pleading, motion, or other paper contain the signer's correct address, email address, and telephone number. *Id*. A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff has failed to provide the Court with a correct or current mailing address. Moreover, Local Rule 1.07(b) states that after a Clerk's Entry of Default has been entered pursuant to Rule 55(a), Federal Rules of Civil Procedure, a party "shall then proceed without delay to apply for a judgment pursuant to Rule 55(b) . . . failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice. . . ." *Id*. Default was entered against Aldie's over 120 days ago and Plaintiff has not moved for a default judgment.

Based on the forgoing, the undersigned recommends that the case be dismissed without prejudice for lack of prosecution and the Clerk be directed to close the case. **The Clerk is directed to send a copy of this recommendation to all parties by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2009.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy

/s/ Greg Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE